UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINVEL JAMES RISNER, *on behalf of himself and those similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>LAW SCHOOL ADMISSION COUNCIL, INC.,<br><br>Defendant. | Civil Action No.: 2:25-cv-04461-JFM |

STIPULATION AND ORDER TO
EXTEND TIME TO RESPOND TO PLAINTIFF'S COMPLAINT

Pursuant to Federal Rule of Civil Procedure 6(b)(1), Civil Local Rule 7.4(b)(2), and Section 3 of this Court's Policies and Procedures, Plaintiff Linvel James Risner and Defendant Law School Admission Council, Inc. ("LSAC"), by and through their undersigned counsel, hereby stipulate and agree to the following deadlines for LSAC's response to Plaintiff's Complaint:

| | |
|---|---|
| Defendant's Response to Plaintiff's Complaint | Thursday, October 9, 2025 |
| Plaintiff's Opposition to Motion to Dismiss | Thursday, October 30, 2025 |
| Defendant's Reply in Support of Motion to Dismiss | Thursday, November 13, 2025 |

The parties respectfully submit that good cause exists for the requested extension, and state as follows:

1. Plaintiff filed his Complaint on August 4, 2025. DI 1. Plaintiff's Complaint alleges three claims under the federal antitrust laws on behalf of a proposed class that potentially includes hundreds of thousands of members. DI 1 ¶ 86.

2. The current deadline to respond to the Complaint is August 27, 2025. DI 3.

3. Undersigned counsel for LSAC were retained only on August 19, 2025, and require additional time to gather relevant information related to Plaintiff's claims, which span 152 paragraphs of allegations, *see* DI 1, and confer with their client about an appropriate response to the Complaint.

4. The parties' counsel have begun this case cooperatively, working together to jointly stipulate to a briefing schedule that is appropriate to the needs of such a case and is fair to all sides. The time sought is consistent with schedules contemplated by the Federal Rules and similar to or shorter than schedules this Court and others have approved in antitrust cases. *See, e.g.*, Fed. R. Civ. P. 4(d) (providing at least 60 days to respond to a complaint when service is waived); *Greystone Mortgage, Inc. v. Equifax Workforce Solutions LLC*, No. 2:24-cv-2260-JFM (E.D. Pa. July 1, 2024), ECF No. 24 (motion to dismiss due 63 days after service of complaint, 60 days for opposition, 30 days for reply); *In re: Axon Vievu Antitrust Litig.*, No. 3:23-cv-7182-RK-RLS (D.N.J. Jan. 4, 2024), ECF No. 44 (joint stipulation in antitrust matter, proposing 70 days to file motion to dismiss, 70 days for opposition, and 30 days to reply; so ordered by the Court at ECF No. 52); *In re: Concrete and Cement Additives Antitrust Litig.*, No. 24-md-3097-LJL (S.D.N.Y. June 20, 2024), ECF No. 105 (60 days, 60 days, 30 days); *see also Crane v. Mayorkas*, No. 2:23-cv-4088-JFM (E.D. Pa. Jan. 8, 2024), ECF No. 9 (granting 45-day extension to respond to complaint when counsel sought additional time to confer with client).

5. The parties' proposed schedule also accommodates pre-existing scheduling conflicts. During the period when LSAC's response to the Complaint would be due and briefing on any motion to dismiss would be ongoing under the current schedule, certain undersigned counsel for LSAC are engaged in substantial briefing on class certification in one case, *Henry v. Brown University*, No. 1:22-cv-125-MFK (N.D. Ill.), due to submit a number of pretrial filings in

2

another, *Klein v. Meta Platforms, Inc.*, 3:20-cv-8570-JD (N.D. Cal.), and one has a planned family vacation.

      6.      This is the first request for an extension of time.  This extension requested is brought in good faith, in the interest of justice, and not for the purposes of delay.  Granting the extension will not prejudice any party as the motion is agreed to by all parties in this matter and the additional time will aid the Court through a clearer presentation of the issues.

      WHEREFORE, the parties request that this Court enter an Order extending the deadline to respond to the Complaint and adopting the briefing schedule agreed upon by the parties.

DATED: August 20, 2025

By: */s/ Peter McCall*

Peter McCall (PA Bar No. 315917)
HILGERS GRABEN PLLC
301 Grant Street, Suite 270
Pittsburgh, PA 15219
Telephone: (314) 464-9964
Email: pmcall@hilgersgraben.com

William Burgess*
1230 Peachtree Street N.E., 19th Floor
Atlanta, GA 30309
Telephone: 404-595-7747
Email: wburgess@hilgersgraben.com

Bennett Rawicki*
7859 Walnut Hill Lane, Suite 335
Dallas, TX 75230
Telephone: 469-640-6842
Email: brawicki@hilgersgraben.com

*Counsel for Plaintiff and the Proposed Class*

* *pro hac vice* application forthcoming

Respectfully submitted,

By: */s/ George P. Varghese*

George P. Varghese (PA Bar No. 94329)
 George.Varghese@wilmerhale.com
WILMER CUTLER PICKERING HALE
AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000

Alan E. Schoenfeld*
 Alan.Schoenfeld@wilmerhale.com
David Z. Gringer*
 David.Gringer@wilmerhale.com
Paul Vanderslice*
 Paul.Vanderslice@wilmerhale.com
WILMER CUTLER PICKERING HALE
AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Telephone: (212) 230-8800

*Counsel for Defendant Law School Admission Council, Inc.*

* *pro hac vice* application forthcoming


**SO ORDERED** this   21st   day of      August      , 2025.


_____
U.S. District Court Judge John F. Murphy

4