**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LINVEL JAMES RISNER, *on behalf of himself and those similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>LAW SCHOOL ADMISSION COUNCIL, INC.,<br><br>Defendant. | Civil Action No.: 2:25-cv-04461-JFM |

**LAW SCHOOL ADMISSION COUNCIL, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendant Law School Admission Council, Inc. ("LSAC") hereby answers Plaintiff's First Amended Complaint ("Complaint") (DI 37). Except to the extent allegations are specifically admitted herein, LSAC denies each and every allegation contained in the Complaint, including any allegations in the Complaint's headings and subheadings, and those not otherwise contained in one of the Complaint's numbered paragraphs. LSAC specifically denies any claim or allegation that LSAC has engaged in anticompetitive conduct.

## INTRODUCTION

The Introduction sets forth legal conclusions and Plaintiff's characterizations of his purported claims, for which no response is required. To the extent the Introduction describes the purported claims, the contents of the Introduction speak for themselves, and all characterizations thereof are denied.

## NATURE OF THE ACTION

1. LSAC admits that more than 60,000 applicants submitted more than 500,000 applications to law schools in 2025. LSAC further admits that application fees vary per school and that

schools can choose what fee to charge an applicant or whether to waive fees. LSAC otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 1, and therefore denies them.

2. LSAC admits that it collected CAS fees totaling more than $30 million from candidates in the 2024 application cycle. LSAC also admits that in 2024, the subscription fee for CAS was $215 and the processing fee per application was $45. In all other respects, LSAC denies the remaining allegations in Paragraph 2.

3. LSAC denies the allegations in Paragraph 3.

4. To the extent Paragraph 4 describes a document, the contents of that document speak for themselves, and all characterizations thereof are denied. LSAC admits that, as of the filing of the First Amended Complaint, the three international law schools that were the subject of the 2019 Working Group Report were not Member Law Schools of LSAC. In all other respects, LSAC denies the allegations in Paragraph 4.

5. LSAC denies the allegations in the first sentence of Paragraph 5. LSAC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5, and therefore denies them.

6. LSAC admits that it is a not-for-profit with a mission that includes promoting access and equity in law school admissions. LSAC denies the implication that it is not a not-for-profit or that its mission is not what it is stated to be. To the extent Paragraph 6 describes a document, the contents of that document speak for themselves, and all characterizations thereof are denied. In all other respects, LSAC denies the remaining allegations in Paragraph 6.

7. Paragraph 7 sets forth legal conclusions for which no response is required. To the extent a response is required, LSAC denies the allegations in Paragraph 7.

## VENUE AND JURISDICTION

8. Paragraph 8 sets forth legal conclusions for which no response is required. To the extent a response is required, LSAC admits that Plaintiff purports to bring claims under the cited statutes. In all other respects, LSAC denies the allegations in Paragraph 8.

9. Paragraph 9 sets forth legal conclusions for which no response is required. To the extent a response is required, LSAC admits that the referenced statutes confer this Court with subject-matter jurisdiction over Plaintiff's claims, but reserves the right to contest subject matter jurisdiction on any applicable basis should the facts warrant.

10. Paragraph 10 sets forth legal conclusions for which no response is required. To the extent a response is required, LSAC admits that this Court has personal jurisdiction over LSAC.

11. Paragraph 11 sets forth legal conclusions for which no response is required. To the extent a response is required, LSAC denies the allegations in Paragraph 11.

12. Paragraph 12 sets forth legal conclusions for which no response is required. To the extent a response is required, LSAC admits that venue is proper in this District.

## PARTIES

13. LSAC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13, and therefore denies them.

14. LSAC admits that Defendant Law School Admission Council, Inc. ("LSAC") is a Delaware corporation with its principal place of business in Newtown, Pennsylvania. LSAC further admits that it is recognized as a not-for-profit nonstock corporation with members under 26 U.S.C. § 501(c)(3). In all other respects, LSAC denies the allegations in Paragraph 14.

15. LSAC admits that, as of the filing of the First Amended Complaint, its membership included all ABA-approved law schools in the United States. LSAC admits that several Canadian

law schools are also LSAC members. In all other respects, LSAC denies the remaining allegations in Paragraph 15 and footnote 1.

## FACTUAL BACKGROUND

### The Law School Admission Council

16. LSAC denies the allegations in Paragraph 16.

17. LSAC denies the allegations in Paragraph 17.

18. To the extent Paragraph 18 describes a document, the contents of that document speak for themselves, and all characterizations thereof are denied. In all other respects, LSAC denies the allegations in Paragraph 18 and footnote 2.

19. To the extent Paragraph 19 quotes from an LSAC publication, the contents of that document speak for themselves, and all characterizations thereof are denied. In all other respects, LSAC denies the allegations in Paragraph 19 and footnote 3.

20. LSAC admits that the Member Law Schools elect some members of LSAC's Board of Trustees. LSAC denies that Member Law Schools elect all members of LSAC's Board of Trustees. LSAC further admits that as of May 2026, every member of LSAC's Board of Trustees worked for a Member Law School or for LSAC itself. To the extent Paragraph 20 describes a document, the contents of that document speak for themselves, and all characterizations thereof are denied. In all other respects, LSAC denies the allegations in Paragraph 20 and footnote 4.

### LSAC's Law School Application Platform

21. LSAC admits that a law school application cycle for a given matriculation year generally begins in the summer or fall of the preceding calendar year and runs through the summer of the matriculation year. In all other respects, LSAC denies the remaining allegations in Paragraph 21.

22. LSAC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22, and therefore denies them.

23. LSAC denies the allegations in Paragraph 23.

24. To the extent that Paragraph 24 describes the First Amended Complaint, no response is required. In all other respects, LSAC denies the allegations in Paragraph 24.

25. To the extent Paragraph 25 describes a document, the contents of that document speak for themselves, and all characterizations thereof are denied. In all other respects, LSAC denies the allegations in Paragraph 25 and footnote 5.

26. To the extent Paragraph 26 describes a document, the contents of that document speak for themselves, and all characterizations thereof are denied. In all other respects, LSAC denies the allegations in Paragraph 26 and footnotes 6 and 7.

27. LSAC admits that it offers applicants a platform called "Credential Assembly Service." To the extent Paragraph 27 quotes from LSAC's website, the contents of the website speak for themselves, and all characterizations thereof are denied. In all other respects, LSAC denies the remaining allegations in Paragraph 27 and footnote 8.

28. LSAC admits that, to the extent a law school charges application fees from an applicant and the applicant applies through LSAC's platform, LSAC may collect some school-specific fees and transmit them to the school to which the applicant applies. LSAC further admits that it charges certain applicants Credential Assembly Service fees. In all other respects, LSAC denies the remaining allegations in Paragraph 28.

29. LSAC admits that for the 2026 fiscal year its CAS subscription fee was $215 and its CAS Report fee was $45. LSAC further admits that, to the extent it charges CAS fees, the CAS fees are the same for every Member Law School. To the extent Paragraph 29 describes a document, the contents of that document speak for themselves, and all characterizations thereof are denied.

In all other respects, LSAC denies the remaining allegations in Paragraph 29 and footnotes 9 and 10.

30. LSAC admits that since the 2022 fiscal year, its CAS subscription fee has been at least $195 and its CAS Report fee has been $45, and that LSAC offers fee waivers, including based on financial need. To the extent Paragraph 30 describes a document, the contents of that document speak for themselves, and all characterizations thereof are denied. The characterizations of "a few applicants" and "the vast majority of applicants" are vague, and therefore denied. In all other respects, LSAC denies the remaining allegations in Paragraph 30.

31. To the extent Paragraph 31 and footnote 11 describe a document, the contents of that document speak for themselves, and all characterizations thereof are denied. In all other respects, LSAC denies the allegations in Paragraph 31 and footnote 11.

32. LSAC admits that a Credential Assembly Service subscription is active for five years. The characterization of the subscription fee as "mandatory to apply to almost every law school" is vague, and therefore denied. LSAC lacks knowledge or information sufficient to form a belief about the truth of the allegation that the "subscription fee is mandatory to apply to almost every law school," and therefore denies it. To the extent Paragraph 32 describes a document, the contents of that document speak for themselves, and all characterizations thereof are denied. In all other respects, LSAC denies the remaining allegations in Paragraph 32 and footnote 12.

33. LSAC admits that, to the extent it charges CAS report fees, the fee does not vary based on the school to which an applicant applies. LSAC denies the allegations in the first sentence of Paragraph 33. LSAC lacks knowledge or information sufficient to form a belief about the truth of the allegations in the third sentence of Paragraph 33 and footnote 13, and therefore denies them. In all other respects, LSAC denies the remaining allegations in Paragraph 33 and footnote 13.

34. LSAC admits that, to the extent it charges CAS fees, the CAS fees are the same for every school an applicant applies to. In all other respects, LSAC denies the remaining allegations in Paragraph 34.

35. LSAC admits that some schools do not require applicants to submit LSAT score reports and require no or few letters of recommendation. LSAC further admits that, to the extent it charges CAS fees, the CAS fees are the same for every school an applicant applies to. In all other respects, LSAC denies the remaining allegations in Paragraph 35.

36. LSAC admits that, since at least the 2006 fiscal year, LSAC has charged applicants Credential Assembly Service subscription and report fees. To the extent Paragraph 36 cites data published on LSAC's website, the data speak for itself, and all characterizations thereof are denied. To the extent Paragraph 36 and footnote 14 purport to describe Plaintiff's analysis of certain data, LSAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations and denies them on that basis. In all other respects, LSAC denies the remaining allegations in Paragraph 36 and footnote 14.

37. LSAC denies the allegations in Paragraph 37.

38. LSAC admits that most Member Law Schools charge school-specific application fees. LSAC further admits that some Member Law Schools do not charge their own application fees. In all other respects, LSAC denies the remaining allegations in Paragraph 38.

39. To the extent Paragraph 39 describes a document, the contents of that document speak for themselves, and all characterizations thereof are denied. In all other respects, LSAC denies the remaining allegations in Paragraph 39.

40. LSAC denies the allegations in Paragraph 40.

41. To the extent Paragraph 41 describes a document, the contents of that document speak for themselves, and all characterizations thereof are denied. In all other respects, LSAC denies the allegations in Paragraph 41 and footnote 15.

42. LSAC admits that during an application cycle, LSAC provides reports showing national application volume and demographic trends. To the extent Paragraph 42 describes a document, the contents of that document speak for themselves, and all characterizations thereof are denied. In all other respects, LSAC denies the allegations in Paragraph 42 and footnote 16.

43. LSAC denies the allegations in Paragraph 43.

44. LSAC denies the allegations in Paragraph 44.

45. LSAC denies the allegations in Paragraph 45.

46. LSAC denies the allegations in Paragraph 46.

**LSAC Policies Challenged in this Case**

47. Paragraph 47 sets forth Plaintiff's characterizations of his purported claims, for which no response is required. To the extent a response is required, LSAC denies the allegations in Paragraph 47.

48. LSAC denies the allegations in Paragraph 48.

Policy #1—The Pricing Policy: LSAC Sets the Same Price for Application Processing for Every Member Law School.

49. LSAC denies the allegations in Paragraph 49.

50. LSAC denies the allegations in Paragraph 50.

51. LSAC denies the allegations in Paragraph 51.

52. LSAC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 52, and therefore denies them.

53. LSAC denies the allegations in Paragraph 53.

54. LSAC denies the allegations in Paragraph 54.

Policy #2—The Exclusivity and Use Policy: Member Law Schools Must Exclusively Use the Law School Application Platform.

55. LSAC denies the allegations in Paragraph 55.

56. LSAC denies the allegations in Paragraph 56.

57. LSAC admits that in 2019 a working group of LSAC Trustees prepared a written report regarding applications from three law schools located outside North America for LSAC membership. To the extent Paragraph 57 describes a document, the contents of that document speak for themselves, and all characterizations thereof are denied. In all other respects, LSAC denies the remaining allegations in Paragraph 57 and footnote 17.

58. LSAC admits that, as of the filing of the First Amended Complaint, the three international law schools that were the subject of the 2019 Working Group Report were not Member Law Schools of LSAC. To the extent Paragraph 58 describes a document, the contents of that document speak for themselves, and all characterizations thereof are denied. In all other respects, LSAC denies the remaining allegations in Paragraph 58.

59. LSAC denies the allegations in Paragraph 59.

60. LSAC denies the allegations in Paragraph 60.

61. To the extent Paragraph 61 describes documents, the contents of those documents speak for themselves, and all characterizations thereof are denied. In all other respects, LSAC denies the allegations in Paragraph 61.

62. LSAC admits that in a 2016 letter to Member Law School deans regarding admissions data, LSAC summarized the services it provides to Member Law Schools. LSAC further admits that the letter attached a list of more than 80 such services. To the extent Paragraph 62 describes a document, the contents of that document speak for themselves, and all characterizations thereof

are denied. In all other respects, LSAC denies the remaining allegations in Paragraph 62 and footnotes 18 and 19.

63. LSAC admits that it provides certain services to Member Law Schools. In all other respects, LSAC denies the allegations in Paragraph 63.

**LSAC's Enrichment at the Expense of Applicants**

64. LSAC admits the allegations in the second sentence of Paragraph 64. To the extent Paragraph 64 describes a document, the contents of that document speak for themselves, and all characterizations thereof are denied. In all other respects, LSAC denies the remaining allegations in Paragraph 64.

65. LSAC admits the allegations in Paragraph 65.

66. LSAC admits the allegations in the first sentence of Paragraph 66. To the extent Paragraph 66 describes documents, the contents of those documents speak for themselves, and all characterizations thereof are denied. In all other respects, LSAC denies the remaining allegations in Paragraph 66.

67. LSAC admits the allegations in the second sentence of Paragraph 67. To the extent Paragraph 67 describes documents, the contents of those documents speak for themselves, and all characterizations thereof are denied. LSAC lacks knowledge or information sufficient to form a belief about the truth of the comparison in the final sentence of Paragraph 67, and therefore denies it. In all other respects, LSAC denies the remaining allegations in Paragraph 67.

68. LSAC admits the allegations in Paragraph 68.

**Benefits to Member Law Schools from their Scheme with LSAC**

69. LSAC denies the allegations in Paragraph 69.

70. To the extent Paragraph 70 describes documents, the contents of those documents speak for themselves, and all characterizations thereof are denied. In all other respects, LSAC denies the allegations in Paragraph 70 and footnotes 20 and 21.

71. To the extent Paragraph 71 describes documents, the contents of those documents speak for themselves, and all characterizations thereof are denied. In all other respects, LSAC denies the allegations in Paragraph 71 and footnote 22.

72. To the extent Paragraph 72 describes a document, the contents of that document speak for themselves, and all characterizations thereof are denied. In all other respects, LSAC denies the allegations in Paragraph 72 and footnote 23.

73. LSAC denies the allegations in Paragraph 73.

74. LSAC denies the allegations in Paragraph 74.

75. LSAC denies the allegations in Paragraph 75.

**Comparative Competitive Markets for Application Processing**

76. LSAC denies the allegations in Paragraph 76.

77. LSAC denies the allegations in Paragraph 77.

78. LSAC denies the allegations in Paragraph 78.

***Centralized Application Processing***

79. LSAC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 79, and therefore denies them.

80. LSAC admits that its application platform includes features such as soliciting and accepting letters of recommendation and compiling and reporting background demographic information and GPA. LSAC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 80, and therefore denies them.

81. LSAC lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding the Common Application in Paragraph 81, and therefore denies them. In all other respects, LSAC denies the allegations in Paragraph 81.

82. To the extent Paragraph 82 describes a document, the contents of that document speak for themselves, and all characterizations thereof are denied. LSAC otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 82 and footnote 24, and therefore denies them.

83. To the extent Paragraph 83 describes a document, the contents of that document speak for themselves, and all characterizations thereof are denied. LSAC otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 83 and footnote 25, and therefore denies them.

84. The characterization of the Coalition Application platform as a “similar platform” is vague, and therefore denied. To the extent Paragraph 84 describes a document, the contents of that document speak for themselves, and all characterizations thereof are denied. LSAC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 84 and footnotes 26 and 27, and therefore denies them.

85. To the extent Paragraph 85 describes a document, the contents of that document speak for themselves, and all characterizations thereof are denied. LSAC otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 85 and footnote 28, and therefore denies them.

86. LSAC denies the allegations in Paragraph 86.

87. LSAC denies the allegations in Paragraph 87.

***Decentralized Application Processing***

88. LSAC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 88, and therefore denies them.

89. LSAC admits that law school applications collect pertinent documents, including test scores, GPA data, and other applicant information. In all other respects, LSAC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 89, and therefore denies them.

90. To the extent Paragraph 90 describes documents, the contents of those documents speak for themselves, and all characterizations thereof are denied. LSAC otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 90 and footnotes 29 and 30, and therefore denies them.

91. LSAC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 91, and therefore denies them.

92. LSAC admits that the CAS fees are separate from school-specific application fees. In all other respects, LSAC denies the remaining allegations in Paragraph 92.

93. LSAC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 93, and therefore denies them.

94. LSAC denies the allegations in Paragraph 94.

95. To the extent Paragraph 95 cites LSAC's website, the contents of the website speak for themselves, and all characterizations thereof are denied. LSAC lacks knowledge or information sufficient to form a belief about the truth of the allegations in the third and fourth sentences of Paragraph 95, and therefore denies them. In all other respects, LSAC denies the remaining allegations in Paragraph 95 and footnote 31.

**Harm to Both Sides of the Platform Markets and to the Markets as a Whole.**

96. LSAC denies the allegations in Paragraph 96.

97. LSAC admits that it charged a $106 application fee that included "law school report preparation, letter of recommendation and transcript processing, and access to electronic applications for all ABA-approved law schools," and a $12 per report fee for the 2006 fiscal year. To the extent Paragraph 97 describes documents, the contents of those documents speak for themselves, and all characterizations thereof are denied. In all other respects, LSAC denies the remaining allegations in Paragraph 97 and footnotes 32 and 33.

98. LSAC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 98 and footnote 34, and therefore denies them.

99. LSAC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 99 and footnote 35, and therefore denies them.

100. LSAC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 100, and therefore denies them.

101. To the extent Paragraph 101 describes a document, the contents of that document speak for themselves, and all characterizations thereof are denied. In all other respects, LSAC denies the allegations in Paragraph 101 and footnote 36.

102. LSAC denies the allegations in Paragraph 102.

103. LSAC denies the allegations in Paragraph 103.

104. LSAC denies the allegations in Paragraph 104.

105. LSAC denies the allegations in Paragraph 105.

106. LSAC denies the allegations in Paragraph 106.

## RELEVANT MARKETS

107. Paragraph 107 sets forth legal conclusions and characterizations of Plaintiff's purported claims, for which no response is required. To the extent a response is required, LSAC denies the allegations in Paragraph 107.

108. Paragraph 108 sets forth Plaintiff's characterizations of his purported claims, for which no response is required. To the extent a response is required, LSAC denies the allegations in Paragraph 108.

109. Paragraph 109 sets forth legal conclusions and Plaintiff's characterizations of his purported claims, for which no response is required. To the extent a response is required, LSAC denies the allegations in Paragraph 109.

110. Paragraph 110 sets forth legal conclusions and Plaintiff's characterizations of his purported claims, for which no response is required. To the extent a response is required, LSAC denies the allegations in Paragraph 110.

111. Paragraph 111 sets forth legal conclusions and Plaintiff's characterizations of his purported claims, for which no response is required. To the extent a response is required, LSAC denies the allegations in Paragraph 111.

112. Paragraph 112 contains no factual allegations requiring admission or denial. To the extent a response is required, LSAC denies the allegations in Paragraph 112.

113. LSAC denies the allegations in Paragraph 113.

### Application Markets

114. Paragraph 114 sets forth legal conclusions and Plaintiff's characterizations of his purported claims, for which no response is required. To the extent a response is required, LSAC denies the allegations in Paragraph 114.

115. Paragraph 115 sets forth legal conclusions and Plaintiff's characterizations of his purported claims, for which no response is required. To the extent a response is required, LSAC denies the allegations in Paragraph 115.

116. LSAC admits that not all applicants will be admitted or matriculate to a law school. Paragraph 116 otherwise sets forth legal conclusions and Plaintiff's characterizations of his purported claims, for which no response is required. To the extent a response is required, LSAC denies the remaining allegations in Paragraph 116.

117. To the extent Paragraph 117 describes a document, the contents of that document speak for themselves, and all characterizations thereof are denied. In all other respects, LSAC denies the allegations in Paragraph 117 and footnote 37.

118. Paragraph 118 sets forth legal conclusions for which no response is required. To the extent a response is required, LSAC denies the allegations in Paragraph 118.

119. Paragraph 119 sets forth legal conclusions for which no response is required. To the extent a response is required, LSAC denies the allegations in Paragraph 119.

120. LSAC admits that it offers a law school application platform to law schools regardless of how many applications the law school receives. Paragraph 120 otherwise sets forth legal conclusions for which no response is required. To the extent a response is required, LSAC denies the remaining allegations in Paragraph 120.

121. Paragraph 121 sets forth legal conclusions for which no response is required. To the extent a response is required, LSAC denies the allegations in Paragraph 121.

***1. The Law School Application Market***

122. Paragraph 122 sets forth legal conclusions and Plaintiff's characterizations of his purported claims, for which no response is required. To the extent a response is required, LSAC denies the allegations in Paragraph 122.

123. Paragraph 123 sets forth legal conclusions for which no response is required. To the extent a response is required, LSAC denies the allegations in Paragraph 123.

124. LSAC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 124, and therefore denies them.

125. To the extent Paragraph 125 describes a document, the contents of that document speak for themselves, and all characterizations thereof are denied. LSAC otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 125 and footnote 38, and therefore denies them.

126. LSAC admits that, for the 2025 application cycle, Yale Law School charged $85 for its school-specific application fee. To the extent Paragraph 126 describes a document, the contents of that document speak for themselves, and all characterizations thereof are denied. LSAC otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 126 and footnote 39, and therefore denies them.

127. To the extent Paragraph 127 describes a document, the contents of that document speak for themselves, and all characterizations thereof are denied. In all other respects, LSAC denies the allegations in Paragraph 127 and footnote 40.

128. Paragraph 128 sets forth legal conclusions for which no response is required. To the extent a response is required, LSAC denies the allegations in Paragraph 128.

129. LSAC denies the allegations in Paragraph 129.

130. LSAC denies the allegations in Paragraph 130.

131. To the extent Paragraph 131 describes a document, the contents of that document speak for themselves, and all characterizations thereof are denied. LSAC denies the allegations in the final sentence of Paragraph 131. LSAC otherwise lacks knowledge or information sufficient to

form a belief about the truth of the remaining allegations in Paragraph 131 and footnote 41, and therefore denies them.

132. LSAC admits that it makes available Common Applicant reports to Member Law Schools. To the extent Paragraph 132 describes a document, the contents of that document speak for themselves, and all characterizations thereof are denied. In all other respects, LSAC denies the remaining allegations in Paragraph 132 and footnote 42.

***2. Law School Selectivity Markets***

133. Paragraph 133 sets forth legal conclusions and Plaintiff's characterizations of his purported claims, for which no response is required. To the extent a response is required, LSAC denies the allegations in Paragraph 133.

134. To the extent Paragraph 134 describes a document, the contents of that document speak for themselves, and all characterizations thereof are denied. LSAC otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 134 and footnote 43, and therefore denies them.

135. LSAC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 135, and therefore denies them.

136. To the extent Paragraph 136 describes a document, the contents of that document speak for themselves, and all characterizations thereof are denied. In all other respects, LSAC denies the allegations in Paragraph 136 and footnote 44.

137. Paragraph 137 and footnote 45 set forth legal conclusions, Plaintiff's characterizations of his purported claims, and Plaintiff's characterization of Exhibit A, for which no response is required. To the extent a response is required, LSAC denies the allegations in Paragraph 137. LSAC further states that the contents of Exhibit A speak for themselves, and all characterizations

thereof are denied. In all other respects, LSAC denies the allegations in Paragraph 137 and footnote 45.

138. LSAC denies the allegations in Paragraph 138.

139. Paragraph 139 sets forth legal conclusions for which no response is required. To the extent a response is required, LSAC denies the allegations in Paragraph 139.

140. LSAC denies the allegations in Paragraph 140.

141. Paragraph 141 sets forth legal conclusions for which no response is required. To the extent a response is required, LSAC denies the allegations in Paragraph 141.

142. LSAC denies the allegations in Paragraph 142.

143. To the extent Paragraph 143 describes a document, the contents of that document speak for themselves, and all characterizations thereof are denied. LSAC denies the allegations in the final sentence of Paragraph 143. LSAC otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 143 and footnote 46, and therefore denies them.

144. LSAC admits that it makes available "Common Applicant reports" to Member Law Schools. To the extent Paragraph 144 describes a document, the contents of that document speak for themselves, and all characterizations thereof are denied. In all other respects, LSAC denies the remaining allegations in Paragraph 144 and footnote 47.

***3. Law School Ranking Tier Markets***

145. Paragraph 145 sets forth legal conclusions and Plaintiff's characterizations of his purported claims, for which no response is required. To the extent a response is required, LSAC denies the allegations in Paragraph 145.

146. Paragraph 146 sets forth legal conclusions and Plaintiff's characterizations of his purported claims, for which no response is required. To the extent a response is required, LSAC denies the allegations in Paragraph 146 and footnote 48.

147. To the extent Paragraph 147 describes documents, the contents of those documents speak for themselves, and all characterizations thereof are denied. In all other respects, LSAC denies the allegations in Paragraph 147 and footnotes 49 and 50.

148. Paragraph 148 sets forth Plaintiff's characterizations of his purported claims, for which no response is required. To the extent a response is required, LSAC denies the allegations in Paragraph 148.

149. To the extent Paragraph 149 describes a document, the contents of that document speak for themselves, and all characterizations thereof are denied. LSAC otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 149 and footnote 51, and therefore denies them.

150. Paragraph 150 sets forth legal conclusions for which no response is required. To the extent a response is required, LSAC denies the allegations in Paragraph 150.

151. Paragraph 151 sets forth legal conclusions and Plaintiff's characterizations of his purported claims, for which no response is required. To the extent a response is required, LSAC denies the allegations in Paragraph 151. To the extent Paragraph 151 incorporates allegations in Paragraphs 136 and 137 which incorporate documents, the contents of those documents speak for themselves, and all characterizations thereof are denied. In all other respects, LSAC denies the remaining allegations in Paragraph 151.

152. LSAC admits that it produces "Common Applicant reports" for Member Law Schools. In all other respects, LSAC denies the remaining allegations in Paragraph 152 and footnote 52.

**Platform Markets**

153. Paragraph 153 sets forth legal conclusions and Plaintiff's characterizations of his purported claims, for which no response is required. To the extent a response is required, LSAC denies the allegations in Paragraph 153.

154. Paragraph 154 sets forth legal conclusions and Plaintiff's characterizations of his purported claims, for which no response is required. To the extent a response is required, LSAC denies the allegations in Paragraph 154.

155. Paragraph 155 sets forth legal conclusions and Plaintiff's characterizations of his purported claims, for which no response is required. To the extent a response is required, LSAC denies the allegations in Paragraph 155.

156. Paragraph 156 sets forth legal conclusions for which no response is required. To the extent a response is required, LSAC denies the allegations in Paragraph 156.

157. Paragraph 157 sets forth legal conclusions for which no response is required. To the extent a response is required, LSAC denies the allegations in Paragraph 157.

***4. Higher Education Application Platform Market.***

158. Paragraph 158 sets forth legal conclusions and Plaintiff's characterizations of his purported claims, for which no response is required. To the extent a response is required, LSAC denies the allegations in Paragraph 158.

159. Paragraph 159 sets forth legal conclusions and Plaintiff's characterizations of his purported claims, for which no response is required. To the extent a response is required, LSAC denies the allegations in Paragraph 159.

160. Paragraph 160 sets forth legal conclusions and Plaintiff's characterizations of his purported claims, for which no response is required. To the extent a response is required, LSAC

lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 160, and therefore denies them.

161. Paragraph 161 sets forth legal conclusions for which no response is required. To the extent a response is required, LSAC denies the allegations in Paragraph 161.

162. To the extent Paragraph 162 describes documents, the contents of those documents speak for themselves, and all characterizations thereof are denied. In all other respects, LSAC denies the remaining allegations in Paragraph 162 and footnotes 53, 54, and 55.

163. To the extent Paragraph 163 describes a document, the contents of that document speak for themselves, and all characterizations thereof are denied. LSAC otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 163 and footnote 56, and therefore denies them.

164. To the extent Paragraph 164 describes documents, the contents of those documents speak for themselves, and all characterizations thereof are denied. LSAC otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 164 and footnotes 57 and 58, and therefore denies them.

165. Paragraph 165 sets forth legal conclusions for which no response is required. To the extent a response is required, LSAC denies the allegations in Paragraph 165.

166. Paragraph 166 sets forth legal conclusions for which no response is required. To the extent a response is required, LSAC denies the allegations in Paragraph 166.

167. To the extent Paragraph 167 describes a document, the contents of that document speak for themselves, and all characterizations thereof are denied. In all other respects, LSAC denies the remaining allegations in Paragraph 167 and footnote 59.

### *5. Law School Centralized Application Platform Submarket*

168. Paragraph 168 sets forth legal conclusions and Plaintiff's characterizations of his purported claims, for which no response is required. To the extent a response is required, LSAC denies the allegations in Paragraph 168.

169. LSAC denies the allegations in Paragraph 169.

170. LSAC denies the allegations in Paragraph 170.

171. LSAC denies the allegations in Paragraph 171.

172. LSAC denies the allegations in Paragraph 172.

173. LSAC denies the allegations in Paragraph 173.

174. LSAC denies the allegations in Paragraph 174.

175. LSAC denies the allegations in Paragraph 175.

## CLASS REPRESENTATIVE ALLEGATIONS

176. LSAC admits that Plaintiff paid for a Credential Assembly Service subscription and for seven Credential Assembly Service Reports. LSAC further admits that Plaintiff paid LSAC $195 for the subscription in October 2022 and $315 for the report fees in January and February 2023. In all other respects, LSAC denies the remaining allegations in Paragraph 176.

177. LSAC admits the allegations in Paragraph 177.

178. LSAC admits the allegations in Paragraph 178.

179. Paragraph 179 sets forth legal conclusions and Plaintiff's characterizations of his purported claims, for which no response is required. To the extent a response is required, LSAC denies the allegations in Paragraph 179. To the extent Paragraph 179 describes a document, the contents of that document speak for themselves, and all characterizations thereof are denied. In all other respects, LSAC denies the remaining allegations in Paragraph 179.

180. Paragraph 180 sets forth legal conclusions and Plaintiff's characterizations of his purported claims, for which no response is required. To the extent a response is required, LSAC denies the allegations in Paragraph 180. To the extent Paragraph 180 describes a document, the contents of that document speak for themselves, and all characterizations thereof are denied. In all other respects, LSAC denies the remaining allegations in Paragraph 180.

181. LSAC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 181, and therefore denies them.

182. LSAC denies the allegations in Paragraph 182.

183. LSAC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 183, and therefore denies them.

## CLASS ACTION ALLEGATIONS

184. Paragraph 184 sets forth legal conclusions and Plaintiff's characterizations of his purported claims, for which no response is required. To the extent a response is required, LSAC admits that Plaintiff purports to bring claims on behalf of the putative class described in Paragraph 184 and otherwise denies the allegations in Paragraph 184, including any allegation that this action may be maintained as a class action.

185. Paragraph 185 sets forth legal conclusions and Plaintiff's characterizations of his purported claims, for which no response is required. To the extent a response is required, LSAC denies the allegations in Paragraph 185.

186. Paragraph 186 sets forth Plaintiff's reservation of rights, for which no response is required. To the extent a response is required, LSAC denies the allegations in Paragraph 186.

187. Paragraph 187 sets forth legal conclusions and Plaintiff's characterizations of his purported claims, for which no response is required. To the extent a response is required, LSAC denies the allegations in Paragraph 187.

188. LSAC admits that 60,000 applicants have applied to Member Law Schools in each of the past five application cycles. To the extent Paragraph 188 describes a document, the contents of that document speak for themselves, and all characterizations thereof are denied. In all other respects, LSAC denies the remaining allegations in Paragraph 188.

189. Paragraph 189 sets forth legal conclusions for which no response is required. To the extent a response is required, LSAC denies the allegations in Paragraph 189.

190. Paragraph 190 sets forth legal conclusions and Plaintiff's characterizations of his purported claims, for which no response is required. To the extent a response is required, LSAC denies the allegations in Paragraph 190.

191. Paragraph 191 sets forth legal conclusions for which no response is required. To the extent a response is required, LSAC denies the allegations in Paragraph 191.

192. Paragraph 192 sets forth legal conclusions for which no response is required. To the extent a response is required, LSAC denies the allegations in Paragraph 192.

193. Paragraph 193 sets forth legal conclusions for which no response is required. To the extent a response is required, LSAC denies the allegations in Paragraph 193.

194. Paragraph 194 sets forth legal conclusions for which no response is required. To the extent a response is required, LSAC denies the allegations in Paragraph 194.

195. Paragraph 195 sets forth legal conclusions for which no response is required. To the extent a response is required, LSAC denies the allegations in Paragraph 195.

196. Paragraph 196 sets forth legal conclusions for which no response is required. To the extent a response is required, LSAC denies the allegations in Paragraph 196.

**COUNT I**
**HORIZONTAL RESTRAINTS OF TRADE**
**IN THE APPLICATION MARKETS**
**IN VIOLATION OF SECTION 1 OF THE SHERMAN ACT,**
**15 U.S.C. § 1**

197. LSAC repeats and incorporates by reference its responses to Paragraphs 1–196 as if fully set forth herein.

198. LSAC admits that Plaintiff purports to bring claims on behalf of the putative class described in Paragraph 198. In all other respects, LSAC denies the remaining allegations in Paragraph 198.

199. Paragraph 199 sets forth Plaintiff's characterizations of his purported claims, for which no response is required. To the extent a response is required, LSAC denies the allegations in Paragraph 199.

200. LSAC denies the allegations in Paragraph 200.

201. LSAC denies the allegations in Paragraph 201.

**Concerted Action**

202. LSAC denies the allegations in Paragraph 202.

203. LSAC denies the allegations in Paragraph 203.

204. LSAC denies the allegations in Paragraph 204.

205. To the extent Paragraph 205 describes a document, the contents of that document speak for themselves, and all characterizations thereof are denied. In all other respects, LSAC denies the allegations in Paragraph 205.

206. LSAC admits that the Member Law Schools elect some members of LSAC's Board of Trustees. LSAC further admits that as of May 2026, every member of LSAC's Board of Trustees worked for a Member Law School or for LSAC itself. To the extent Paragraph 206 describes a

document, the contents of that document speak for themselves, and all characterizations thereof are denied. In all other respects, LSAC denies the remaining allegations in Paragraph 206.

207. To the extent Paragraph 207 describes a document, the contents of that document speak for themselves, and all characterizations thereof are denied. In all other respects, LSAC denies the allegations in Paragraph 207.

208. LSAC denies the allegations in Paragraph 208.

209. LSAC admits that LSAC is a separate legal entity from the Member Law Schools. In all other respects, LSAC denies the remaining allegations in Paragraph 209.

210. LSAC denies the allegations in Paragraph 210.

211. To the extent Paragraph 211 describes documents, the contents of those documents speak for themselves, and all characterizations thereof are denied. In all other respects, LSAC denies the allegations in Paragraph 211.

212. LSAC denies the allegations in Paragraph 212.

213. LSAC denies the allegations in Paragraph 213.

214. LSAC denies the allegations in Paragraph 214.

**Unreasonable Restraint of Trade**

215. LSAC denies the allegations in Paragraph 215.

216. LSAC denies the allegations in Paragraph 216.

217. LSAC denies the allegations in Paragraph 217 and footnote 60.

218. LSAC denies the allegations in Paragraph 218.

219. LSAC denies the allegations in Paragraph 219.

220. LSAC denies the allegations in Paragraph 220.

221. LSAC denies the allegations in Paragraph 221.

222. LSAC denies the allegations in Paragraph 222.

**Damages, Antitrust Standing, and Jurisdiction**

223. LSAC denies the allegations in Paragraph 223.

224. LSAC denies the allegations in Paragraph 224.

225. LSAC denies the allegations in Paragraph 225.

226. LSAC denies the allegations in Paragraph 226.

**COUNT II**
**HORIZONTAL RESTRAINTS OF TRADE IN THE PLATFORM MARKETS,**
**IN VIOLATION OF SECTION 1 OF THE SHERMAN ACT,**
**15 U.S.C. § 1**

227. LSAC repeats and incorporates by reference its responses to Paragraphs 1–196 as if fully set forth herein.

228. Paragraph 228 sets forth legal conclusions and Plaintiff's characterizations of his purported claims, for which no response is required. To the extent a response is required, LSAC denies the allegations in Paragraph 228.

229. LSAC denies the allegations in Paragraph 229.

230. LSAC denies the allegations in Paragraph 230.

**Concerted Action**

231. LSAC admits that the Member Law Schools elect some members of LSAC's Board of Trustees. LSAC further admits that as of May 2026, every member of LSAC's Board of Trustees worked for a Member Law School or for LSAC itself. To the extent Paragraph 231 describes a document, the contents of that document speak for themselves, and all characterizations thereof are denied. In all other respects, LSAC denies the remaining allegations in Paragraph 231.

232. To the extent Paragraph 232 describes a document, the contents of that document speak for themselves, and all characterizations thereof are denied. In all other respects, LSAC denies the remaining allegations in Paragraph 232.

233. LSAC denies the allegations in Paragraph 233.

234. LSAC denies the allegations in Paragraph 234.

235. LSAC denies the allegations in Paragraph 235.

236. LSAC denies the allegations in Paragraph 236.

237. LSAC denies the allegations in Paragraph 237.

238. LSAC denies the allegations in Paragraph 238.

239. LSAC denies the allegations in Paragraph 239.

240. LSAC denies the allegations in Paragraph 240.

241. LSAC denies the allegations in Paragraph 241.

242. LSAC denies the allegations in Paragraph 242.

**Unreasonable Restraints of Trade**

Buyer Price Fixing (Law School Pricing Policy)

243. LSAC denies the allegations in Paragraph 243.

244. LSAC denies the allegations in Paragraph 244.

245. Paragraph 245 sets forth legal conclusions for which no response is required. To the extent a response is required, LSAC denies the allegations in Paragraph 245.

Exclusion of LSAC Competitors (Exclusivity and Use Policy)

246. LSAC denies the allegations in Paragraph 246.

247. LSAC denies the allegations in Paragraph 247 and footnote 61.

248. LSAC denies the allegations in Paragraph 248.

249. LSAC denies the allegations in Paragraph 249.

250. LSAC denies the allegations in Paragraph 250.

251. LSAC denies the allegations in Paragraph 251.

252. LSAC denies the allegations in Paragraph 252.

253. LSAC denies the allegations in Paragraph 253.

**Damages, Antitrust Standing, and Jurisdiction**

254. LSAC denies the allegations in Paragraph 254.

255. LSAC denies the allegations in Paragraph 255.

256. LSAC denies the allegations in Paragraph 256.

257. LSAC denies the allegations in Paragraph 257.

**COUNT III**
**MONOPOLIZATION AND CONSPIRACY TO MONOPOLIZE**
**VIOLATIONS OF SECTION 2 OF THE SHERMAN ACT,**
**15 U.S.C. § 2**

258. LSAC repeats and incorporates by reference its responses to Paragraphs 1–196 as if fully set forth herein.

259. Paragraph 259 sets forth Plaintiff's characterizations of his purported claims for which no response is required. To the extent a response is required, LSAC denies the allegations in Paragraph 259.

260. LSAC denies the allegations in Paragraph 260.

**Monopoly Power - Direct Evidence**

261. LSAC denies the allegations in Paragraph 261.

262. LSAC denies the allegations in Paragraph 262.

263. LSAC admits that total applications to U.S. ABA-approved law schools decreased by 11.4% between 2010 and 2011. In all other respects, LSAC denies the remaining allegations in Paragraph 263.

264. LSAC admits that between 2011 and 2012 the price of the Credential Assembly Service subscription fee increased by 25%, and the price of the report fees increased by 31.25%. In all other respects, LSAC denies the remaining allegations in Paragraph 264.

265. To the extent Paragraph 265 describes a document, the contents of that document speak for themselves, and all characterizations thereof are denied. In all other respects, LSAC denies the remaining allegations in Paragraph 265.

266. LSAC admits that total applications to U.S. ABA-approved law schools decreased by 12% between 2011 and 2012. In all other respects, LSAC denies the allegations in Paragraph 266.

267. LSAC admits that total applications to U.S. ABA-approved law schools decreased by 17.75% between 2012 and 2013. LSAC further admits that, between 2013 and 2014, the price of the Credential Assembly Service subscription fee increased by 3.23%, and the price of the report fees increase by 19.05%. In all other respects, LSAC denies the allegations in Paragraph 267.

268. LSAC admits that total applications to U.S. ABA-approved law schools decreased by 7.96% between 2013 and 2014. In all other respects, LSAC denies the allegations in Paragraph 268.

269. LSAC denies the allegations in Paragraph 269.

270. LSAC denies the allegations in Paragraph 270.

271. LSAC denies the allegations in Paragraph 271.

272. LSAC denies the allegations in Paragraph 272.

**Monopoly Power - Indirect Evidence**

273. LSAC denies the allegations in Paragraph 273.

274. LSAC admits that all 197 Member Law Schools use certain components or features of LSAC's law school application platform. To the extent Paragraph 274 cites from LSAC's website, the contents of the website speak for themselves, and all characterizations thereof are denied. In all other respects, LSAC denies the allegations in Paragraph 274.

275. LSAC denies the allegations in Paragraph 275.

**Exclusionary Conduct**

276. LSAC denies the allegations in Paragraph 276.

277. LSAC denies the allegations in Paragraph 277.

278. LSAC denies the allegations in Paragraph 278.

279. LSAC denies the allegations in Paragraph 279.

280. To the extent Paragraph 280 describes a document, the contents of that document speak for themselves, and all characterizations thereof are denied. In all other respects, LSAC denies the remaining allegations in Paragraph 280.

281. LSAC denies the allegations in Paragraph 281.

282. LSAC denies the allegations in Paragraph 282.

**Conspiracy**

283. LSAC denies the allegations in Paragraph 283.

284. LSAC denies the allegations in Paragraph 284.

285. LSAC denies the allegations in Paragraph 285.

286. LSAC denies the allegations in Paragraph 286.

**Damages, Antitrust Standing, and Jurisdiction**

287. LSAC denies the allegations in Paragraph 287.

288. LSAC denies the allegations in Paragraph 288.

289. LSAC denies the allegations in Paragraph 289.

290. LSAC denies the allegations in Paragraph 290.

## PRAYER FOR RELIEF

LSAC states that no response is required to Plaintiff's prayer for relief. To the extent an answer is required, LSAC denies that Plaintiff or the putative class are entitled to the relief sought in the Complaint, or to any relief at all.

## DEMAND FOR JURY TRIAL

The jury demand consists of Plaintiff's characterizations of his purported claims, for which no response is required.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof that it would not otherwise bear, LSAC asserts, without limitation, all defenses raised in its Motion to Dismiss (DI 44) and other filings, whether or not separately re-pleaded herein. LSAC also asserts the following affirmative and other defenses. In listing the defenses below, LSAC does not knowingly or intentionally waive any defenses, including arguments about which issues fall within Plaintiff's burden of proof. LSAC also reserves the right to rely on any affirmative or other defense or claim that may subsequently come to light, including against the claims of putative class members and, in the event any class is certified, the right to advance additional defenses pertinent to class members. LSAC also expressly reserves the right to amend its Answer to assert such additional defenses or claims.

### FIRST DEFENSE

LSAC's alleged activities do not give rise to antitrust liability because, notwithstanding any alleged adverse effects on competition, LSAC had a legitimate business justification for the alleged activities that enhance efficiency and reduce costs. Namely, its platform provides centralized efficiencies that reduce transaction costs for users on both sides. For example, the Credential Assembly Service side of LSAC's platform allows applicants to submit transcripts and letters of recommendation a single time for use across any law schools for which they apply, thus eliminating the need to separately procure and transmit those materials to each school. CAS also provides applicants with in-depth transcript analysis and score data beyond raw LSAT scores, enhancing their ability to make informed application decisions. For law schools, the Unite side of LSAC's platform provides functionality designed for the particular needs of law school

admission offices ranging from application intake to admissions decision making. LSAC's pricing also promotes educational equity and access, including through LSAC's fee waiver program. These legitimate business justifications are apparent on the face of the complaint, and LSAC intends to support them through witness and expert testimony.

**SECOND DEFENSE**

Plaintiff's claim for damages and the claims of any putative class members are barred because of, and to the extent of, their failure to mitigate damages. Plaintiff and any class members, through the exercise of reasonable diligence, could have taken steps to minimize their alleged damages, such as by seeking fee waivers, or applying to fewer schools or schools for which they were more likely to be admitted. Any recovery must therefore be reduced to the extent that damages could have been avoided through reasonable mitigation efforts.

**THIRD DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel and waiver, including to the extent Plaintiff knowingly acquiesced in and failed to timely challenge the conduct that he now alleges is unlawful, and to the extent Plaintiff continues to use LSAC's platform to apply to law schools. Thus, Plaintiff has waived his claims and/or should be estopped from pursuing his claims.

**FOURTH DEFENSE**

Plaintiff's claims and those of putative class members are barred, in whole or in part, by laches and/or the four-year statute of limitations applicable to their claims under the Sherman Act. *See* 15 U.S.C. § 15(b). The purported anticompetitive practices include "policies" allegedly implemented in 2019 and earlier, and the alleged anticompetitive effects are purportedly shown through data dating to 2015 and earlier.

Dated: July 10, 2026

Respectfully submitted,

/s/ *Paul Vanderslice*
Alan E. Schoenfeld (*pro hac vice*)
David Z. Gringer (*pro hac vice*)
Paul Vanderslice (*pro hac vice*)
Kimberly Chen (*pro hac vice*)
WILMER CUTLER PICKERING
HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800
Alan.Schoenfeld@wilmerhale.com
David.Gringer@wilmerhale.com
Paul.Vanderslice@wilmerhale.com
Kimberly.Chen@wilmerhale.com

Medha Gargeya (*pro hac vice*)
WILMER CUTLER PICKERING
HALE AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
Telephone: (202) 663-6000
Medha.Gargeya@wilmerhale.com

George P. Varghese (Pennsylvania Bar No. 94329)
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
George.Varghese@wilmerhale.com

*Attorneys for Defendant Law School Admission Council, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of July, 2026, I caused a true and correct copy of the foregoing to be electronically filed with the Court using CM/ECF, which will provide copies to all counsel of record.

Dated: July 10, 2026

/s/ *Paul Vanderslice*
Paul Vanderslice